**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DAVID BOCHENEK, on behalf of plaintiff and a class, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| IBOTTA, INC.; ROBOCENT, INC., and JOHN DOES 1-10, | ) ) ) |
| Defendants. | ) ) |

**COMPLAINT  – CLASS ACTION**

**MATTERS COMMON TO MULTIPLE COUNTS**

**INTRODUCTION**

1.      Plaintiff David Bochenek brings this action to secure redress for the

actions of defendants Ibotta, Inc. ("Ibotta"), and RoboCent, Inc. ("RoboCent"), in sending or

causing the sending of unsolicited  text message calls ("spam")  to cellular telephones, in

violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA") and the Illinois

Consumer Fraud Act, 815 ILCS 505/2 ("ICFA").

2.      In order to protect the privacy of cellular subscribers, and to avoid forcing

recipients of spam to pay for it, the TCPA prohibits automated text messages to cellular phones.

**JURISDICTION AND VENUE**

3.      This Court has jurisdiction under 28 U.S.C. §§1331 and 1367.   *Mims v.*

*Arrow Financial Services, LLC*, 132 S. Ct. 740, 751-53 (2012);  *Brill v. Countrywide Home*

*Loans, Inc.*, 427 F.3d 446  (7th Cir. 2005).

4.      Personal jurisdiction exists under 735 ILCS 5/2-209, in that:

    a.      Defendants have committed tortious acts in Illinois by causing the

            transmission of unlawful communications into the state.

    b.      Defendants have transacted business in Illinois.

1

5.     Venue in this District is proper for the same reason.

## PARTIES

6.     Plaintiff David Bochenek is an individual who resides in the Northern District of Illinois.

7.     Defendant Ibotta, Inc. is a Delaware corporation with offices at 1660 17th Street, Suite 201, Denver, CO 80202.

8.     Defendant Ibotta, Inc., pays consumers cash rewards for purchasing products.

9.     Defendant RoboCent is a Delaware corporation with its principal place of business located at 111 Granby Street, Norfolk, VA 23510.

10.     Defendant RoboCent is engaged in the business of providing a platform that enables its customers to send text messages.  It claims to be able to send up to 2,400 texts per minute.  It also claims to be one of the nation's largest providers of call and text notification systems.

11.     Defendants John Does 1-10 are other natural or artificial persons that were involved in the sending of the text message calls described below.  Plaintiff does not know who they are.

## FACTS

12.     On August 15, 2013, plaintiff David Bochenek received an unsolicited text message on plaintiff's cellular telephone.

13.     The message was sent from Short Message Service ("SMS") code 47543, which is issued to RoboCent.

14.     The text of the message was as follows:

> Kristina has invited you to download the Ibotta app: ibotta. com/app/b13d.  Reply HELP for help, STOP to cancel.

An image is attached as Appendix A.

15. Discovery may reveal additional text message calls as well.

16. Defendant Ibotta is responsible for making or causing the making of the text message calls.

17. Plaintiff had no prior relationship with defendants and had not authorized the calls. Plaintiff had not provided defendants with his cell phone number.

18. On information and belief, based on the use of the RoboCent platform to send messages the text message calls were made as part of a mass broadcasting of text message calls.

19. On information and belief, defendants have made unsolicited text message calls to cellular telephones of at least 40 other persons in Illinois.

20. There is no reasonable means for plaintiff or other recipients of defendants' text message calls to avoid receiving them.

21. The TCPA, 47 U.S.C. § 227, prohibits unsolicited text message calls to cell phones:

> **. . . (b) Restrictions on use of automated telephone equipment.**
>
> **(1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States--**
>
> **(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice– * * ***
>
> **(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call . . .**

### COUNT I – TCPA

22. Plaintiff incorporates ¶¶ 1-21.

23. The TCPA, 47 U.S.C. §227(b)(3), provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**

    **(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**

    **(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**

    **(C) both such actions.**

**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

24.    Plaintiff and each class member suffered damages as a result of receipt of the unsolicited text message calls, in that they were required to pay for such receipt, either on a per message basis or because the receipt counted against the number of minutes or messages they pay for.  Furthermore, plaintiff's statutory right of privacy was invaded.

25.    Plaintiff and each class member is entitled to statutory damages.

26.    Defendants violated the TCPA even if their actions were only negligent.

27.    Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

28.    Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class.  The class consists of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), (c) were sent text message calls by defendant RoboCent on behalf of defendant Ibotta (d) with respect to whom defendants have no evidence of express consent.

29.    The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

30.    There are questions of law and fact common to the class that predominate

over any questions affecting only individual class members.  The predominant common questions include:

    a.    Whether defendants engaged in a pattern of sending automated text message calls.

    b.    Whether defendants thereby violated the TCPA;

    c.    Whether defendants thereby engaged in unfair  acts and practices, in violation of the ICFA.

31.    Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

32.    A class action is an appropriate method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

33.    Several courts have certified class actions under the TCPA.  Telephone call and text message cases include:  *Meyer v. Portfolio Recovery Associates, LLC,* 707 F.3d 1036 (9th Cir.  2012); *Manno v. Healthcare Revenue Recovery Group, LLC*, 289 F.R.D. 674 (S.D.Fla. 2013); *Mitchem v Illinois Collection Serv.*,  271 F.R.D. 617 (N.D.Ill. 2011); *Balbarin v. North Star Capital Acquisition, LLC,*, 10 C 1846, 2011 U.S. Dist. LEXIS 686 (N.D. Ill., Jan. 5, 2011), later opinion, 2011 U.S. Dist. LEXIS 5763 (N.D.Ill., Jan. 21, 2011), later opinion, 2011 U.S. Dist. LEXIS 58761 (N.D. Ill., June 1, 2011); *Lo v. Oxnard European Motors, LLC*, 11CV1009 JLS (MDD), 2012 U.S. Dist. LEXIS 73983 (S.D.Cal., May 29, 2012). Fax cases include:   *Sadowski v. Med1 Online, LLC,* 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); *CE Design Ltd. v Cy's Crabhouse North, Inc.*,  259 F.R.D. 135 (N.D.Ill. 2009); *Targin Sign Sys. v Preferred Chiropractic Ctr., Ltd.*, 679 F. Supp. 2d 894 (N.D.Ill. 2010);

*Garrett v. Ragle Dental Lab, Inc.,* 10 C 1315, 2010 U.S. Dist. LEXIS 108339, 2010 WL 4074379 (N.D.Ill., Oct. 12, 2010); *Hinman v. M & M Rental Ctr.,* 545 F.Supp. 2d 802 (N.D.Ill. 2008); *Clearbrook v. Rooflifters, LLC*, 08 C 3276, 2010 U.S. Dist. LEXIS 72902 (N.D. Ill. July 20, 2010) (Cox, M.J.); *G.M. Sign, Inc. v. Group C Communs., Inc*., 08 C 4521, 2010 U.S. Dist. LEXIS 17843 (N.D. Ill. Feb. 25, 2010); *Holtzman v. Turza*, 08 C 2014, 2009 U.S. Dist. LEXIS 95620 (N.D.Ill., Oct. 14, 2009); *Kavu, Inc. v. Omnipak Corp.,* 246 F.R.D. 642 (W.D.Wash. 2007); *Display South, Inc. v. Express Computer Supply, Inc.,* 961 So.2d 451, 455 (La. App. 1st Cir. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.*, 992 So. 2d 510 (La. App. 1st Cir. 2008); *Lampkin v. GGH, Inc.*, 146 P.3d 847 (Ok. App. 2006); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203 Ariz. (App.) 94, 50 P.3d 844 (2002); *Core Funding Group, LLC v. Young*, 792 N.E.2d 547 (Ind.App. 2003); *Critchfield Physical Therapy v. Taranto Group, Inc.*, 293 Kan. 285; 263 P.3d 767 (2011); *Karen S. Little, L.L.C. v. Drury Inns. Inc.,* 306 S.W.3d 577 (Mo. App. 2010); *Lindsay Transmission, LLC v. Office Depot, Inc.*, 4:12cv221 (E.D.Mo., Feb. 25, 2013).

   34. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

   WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

     a. Actual damages;

     b. Statutory damages;

     c. An injunction against further text message calls to cellular telephones;

     d. Costs of suit;

     e. Such other or further relief as the Court deems just and proper.

## COUNT II – ICFA

   35. Plaintiff incorporates ¶¶ 1-21.

36.     Defendants engaged in unfair acts and practices, in violation of ICFA § 2, 815 ILCS 505/2, by making automated text message calls to cellular telephones of plaintiff and others.

37.     Such calls are contrary to the TCPA and also Illinois public policy.

38.     Defendants engaged in an unfair practice by engaging in conduct that is contrary to public policy, unscrupulous, and caused injury to recipients.

39.     Plaintiff and each class member suffered damages as a result of receipt of the unsolicited text message calls.

40.     Defendants engaged in such conduct in the course of trade and commerce.

41.     Defendants' shifting of  costs to plaintiff and the class members in this manner makes such practice unfair.  In addition, defendants' conduct was contrary to public policy, as established by the TCPA.

42.     Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

43.     Plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date 3 years prior to the filing of this action, (c) were sent text message calls by defendant RoboCent on behalf of defendant Ibotta (d) with respect to whom defendants have no evidence of express consent.

44.     The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

45.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:

> a.      Whether defendants engaged in a pattern of sending automated text message calls.

      b.        Whether defendants thereby violated the TCPA;

      c.        Whether defendants thereby engaged in unfair  acts and practices, in violation of the ICFA.

46.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

47.     A class action is an appropriate method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

48.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

      a.        Appropriate compensatory and punitive damages;

      b.        An injunction against further text message calls to cellular telephones;

      c.        Attorney's fees, litigation expenses and costs of suit;

      d.        Such other or further relief as the Court deems just and proper.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Julie Clark
Sharon G. Nissim

8

EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois  60603-3593
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com

9

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.   All rights relating to attorney's fees have been assigned to counsel.


s/Daniel A. Edelman
Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
        & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)